**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **v.** | ) | **3:00-CR-347-P** |
| | ) | **(3:04-CV-1981-P)** |
| **ROBERT EUGENE JACKSON,** | ) | |
| **Defendant/Movant.** | ) | |

**MEMORANDUM OPINION AND ORDER**

Before the Court for consideration is a motion to vacate, set aside, or correct sentence brought by a federal prisoner pursuant to 28 U.S.C. § 2255. The government filed a response to which Movant filed a reply.

PROCEDURAL HISTORY

Movant was charged in a three-count indictment with (1) using a facility of interstate commerce to entice a minor to engage in illegal sexual activity, in violation of 18 U.S.C. § 2422(b), (2) possession of child pornography, in violation of 18 U.S.C. § 2252(a)(5)(B), and (3) criminal forfeiture, in violation of 18 U.S.C. § 2253. On November 27, 2000, Movant pled guilty to count one without an agreement with respect to the sentence. On February 5, 2001, after notice to Movant, the District Court departed upward six levels to a 180-month sentence and dismissed the remaining counts on the government's motion. Following the dismissal of his direct appeal, Movant successfully sought relief under 28 U.S.C. § 2255 in this Court. The Findings, Conclusions and Recommendation of the Magistrate Judge, adopted by the District Court, found that the Court had erred in applying the cross reference to U.S.S.G. § 2A3.1, and should have used instead the cross references to § 2A3.2, under which Movant's offense level was much lower. On July 31, 2002, the District Court resentenced Movant to 150 months

imprisonment, a thirty-month reduction in his sentence. The Fifth Circuit affirmed the amended judgment and sentence on May 22, 2003. Jackson v. United States, Slip Op. No. 02-10923 (5th Cir. 2003) (unpublished per curiam). His petition for writ of certiorari was denied on October 27, 2003.

On September 10, 2004, Movant filed this timely § 2255 motion. In five grounds for relief, he asserts the indictment was defective and defense counsel rendered ineffective assistance at sentencing and on direct appeal.

Following the issuance of the Supreme Court's decision in United States v. Booker, ___ U.S. ___, 125 S. Ct. 738, 160 L. Ed. 2d 621 (2005), Movant sought leave to amend this § 2255 motion to raise a claim under Booker, and Blakely v. Washington, 542 U.S. 296, 124 S. Ct. 2531 (2004). (See Mot. to Amend, filed on January 28, 2005).[1]

## ANALYSIS

A.    Challenge to Underlying Indictment

The government argues that Movant's first ground for relief, which seeks to challenge the underlying indictment, should be dismissed as second or successive because it does not relate to Movant's resentencing and could have been raised in his original § 2255 motion.

28 U.S.C. § 2244(b)(3)(A) and 28 U.S.C. § 2255, as amended by the Antiterrorism and

---

[1] In Blakely v. Washington, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004), a majority of the Supreme Court held that an enhanced sentence imposed by a judge under the Washington Sentencing Reform Act, which was based on fact neither admitted by the defendant nor found by a jury, violated the Sixth Amendment to the United States Constitution. Blakely, 124 S.Ct. at 2538. The Supreme Court recently extended Blakely to the federal sentencing guidelines in United States v. Booker, ___ U.S. ___, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005). That holding, however, has thus far only been made applicable to cases on direct review. Id. at 769.

Effective Death Penalty Act (AEDPA) of 1996, provide that a second or successive motion filed by a person attacking a sentence under § 2255 must be certified by a panel of the appropriate court of appeals, as set out in § 2244, before it can be heard in the district court.  See In re Epps, 127 F.3d 364 (5th Cir. 1997); see also In re Tolliver, 97 F.3d 89, 90 (5th Cir. 1996) (addressing a similar provision applicable to second or successive motions pursuant to 28 U.S.C. § 2255).  In the absence of pre-filing authorization, the district court lacks jurisdiction to consider an application containing abusive or repetitive claims.  See Hooker v. Sivley, 187 F.3d 680, 682 (5th Cir. 1999); United States v. Key, 205 F.3d 773, 774 (5th Cir. 2000).

In United States v. Orozco-Ramirez, 211 F.3d 862 (5th Cir. 2000), the Fifth Circuit addressed the circumstances under which a § 2255 motion is second or successive following the re-entry of the judgment of conviction and sentence in order to permit a defendant's out-of-time direct appeal.  The Court concluded that a § 2255 motion is second or successive if it raises a claim  (1) that was or could have been raised in an earlier petition, or (2) otherwise constitutes an abuse of writ.  Id. at 867.  In applying the above standard, the Fifth Circuit held that Movant's claim of ineffective assistance of counsel at trial, which related to the original judgment of conviction and sentence, was second or successive, and thus should have been raised in the initial § 2255 motion, but that his claims arising from the out-of-time appeal could be raised in the second § 2255 motion.  Id. at 869.  In so holding, the Circuit noted:

> The requirement that all *available claims* be presented in a prisoner's first habeas petition is consistent not only with the spirit of AEDPA's restrictions on second and successive habeas petitions, but also with the preexisting abuse of the writ principle. The requirement serves the singularly salutary purpose of forcing federal habeas petitioners to think through all potential post-conviction claims and to consolidate them for a unitary presentation to the district court.

Id. at 870-71 (emphasis added).

3

In this case, any challenge to the indictment relates to the original judgment of conviction. Hence it could and should have been raised in Movant's first § 2255 motion and, as a result, it is second or successive under the AEDPA.

Some courts in the Northern District have held that the successive nature of one or more claims renders the whole § 2255 motion or habeas corpus petition successive for purposes of the AEDPA and, thus, subject to transfer to the Fifth Circuit Court of Appeals, or to dismissal without prejudice to satisfy the pre-filing authorization requirement. See <u>Gaines v. Dretke</u>, 2005 WL 1540192 (N.D. Tex., Dallas Div., Jun. 30. 2005) (No. 3:04cv1185-D), <u>findings and recommendation adopted</u>, 2005 WL 1799518 (N.D. Tex. Jul. 27, 2005) ("A 'mixed-application' that contains both claims that could have been raised previously and claims that could not have been so raised is nevertheless successive"); <u>Leonard v. Dretke</u>, 2004 WL 741286, *3 (N.D. Tex. Apr. 5, 2004) (3:02cv0578-H) (same), <u>findings and recommendation</u>, adopted (N.D. Tex. Jul. 27, 2005); <u>Cooper v. Cockrell</u>, 2003 WL 21517824, at *2 (N.D. Tex. 2003) (No. 3:03cv0596-L) (holding in the context of a habeas corpus petition under 28 U.S.C. § 2254 that the "Court does not parcel out and decide claims from a successive petition, even those claims that could not have been raised previously.").

Under this approach the fact that Movant's ineffective assistance of counsel claims were unavailable when he filed his previous § 2255 motion is immaterial. An application is either successive or not. Moreover, the Fifth Circuit has specifically determined that *an application* is second or successive when it raises *a claim* that was or could have been raised in an earlier petition. <u>Orozco-Ramirez</u>, 211 F.3d at 867; <u>In re Cain</u>, 137 F.3d 234, 235 (5th Cir.1998) (per curiam).

4

The Fifth Circuit has not addressed the jurisdictional question raised by a "mixed application" – i.e., one containing both abusive and otherwise reviewable claims. The Fourth Circuit has held that "because the authorization requirement applies to the entire application, the jurisdictional effect of § 2244(b)(3) extends to all claims in the application, including those that would not be subject to the limits on successive applications if presented separately." U.S. v. Winestock, 340 F.3d 200, 205 -206 (4th Cir. 2003). In that regard, it stated as follows:

> Applications including abusive or repetitive claims along with otherwise reviewable claims have been described as a "new breed of mixed petition." Pennington v. Norris, 257 F.3d 857, 858 (8th Cir.2001) (internal quotation marks omitted). The Eighth Circuit [following the analysis used for traditional "mixed" petitions] has held that a district court that receives such an application should afford the prisoner the choice of "seeking authorization from the court of appeals for his second or successive claims, or of amending his petition to delete those claims so he can proceed with the claims that require no authorization." Id. at 859 (internal quotation marks omitted). We agree that this is the appropriate solution.

Id. at 205 -206.

Severing a successive claim and transferring it to the Fifth Circuit Court of Appeals to satisfy the pre-filing authorization requirement accomplishes the same objective of the traditional "mixed" petitions approach, which permits a petitioner to amend the petition to delete his successive claim. Under either approach, the District Court will retain jurisdiction to proceed with the claims that require no authorization.[2]

In this case, Movant timely brought the instant § 2255 motion with respect to his

---

[2] The Fifth Circuit has held that a motion for authorization to file a successive petition for writ of habeas corpus is not an "application" for writ of habeas corpus, and thus, the filing of the motion did not satisfy the one-year statute of limitations. Fiero v. Cockrell, 294 F.3d 674, 680 (5th Cir. 2002).

ineffective assistance of counsel claims that arose at resentencing and on direct appeal. The same cannot be said of Movant's claim relating to the underlying indictment – the claim on which Movant should have sought pre-filing authorization. A cursory review of that claim reveals that it may be time barred by the one-year statute of limitations, see 28 U.S.C. § 2255, subparagraph 6, and possibly procedurally barred (see Gov't Response at 2-4).

In light of the above, the Court concludes that severing Movant's first ground for relief – i.e., the successive claim – and transferring it to the Fifth Circuit is more efficient and best preserves judicial resources. The Court will then proceed to rule on the merits of Movant's remaining claims.

    B.    <u>Ineffective Assistance of Counsel at Resentencing</u>

When a convicted defendant seeks habeas corpus relief on the ground of ineffective assistance of trial counsel, he must show (1) that counsel's representation fell below an objective standard of reasonableness, and (2) that there is a reasonable probability that but for counsel's unprofessional errors, the result of the proceeding would have been different. <u>Strickland v. Washington</u>, 466 U.S. 668, 687-694 (1984).

In his second ground, Movant asserts counsel rendered ineffective assistance at resentencing in connection with the Court's decision to double count his prior offenses for enhancement purposes – first in determining the extent of the upward departure for the offense level (from an offense level of 15, to an offense level of 26), and second in determining the upward departure for the criminal history category (from a criminal history category of II to a criminal history category of VI).

Contrary to Movant's assertion, defense counsel argued at length during resentencing the

appropriateness of the upward departure, and in particular the double counting issue of the prior offenses. (Resentencing (Resent.)Tr. at 5-22, Appendix E to Movant's Memorandum in Support). In essence counsel agreed that an upward departure was appropriate because of under representation of criminal history. (Id.. at 6-7, 9). He believed, however, that an upward departure should be limited to no more than a six-level upward departure. (Id. at 4, 10-11).

Considering the facts surrounding the prior convictions, and the strong likelihood of recidivism for child abuse and molestation, and violence towards the victim, the Court departed upward to a criminal history category of six and an offense level of 26 (from a criminal history category of two and an offense level of 15), which led to a guideline range of 120-150 months (from an initial guideline range of 21-27 months). (Sent. Tr. at 32-36). Following pronouncement of the 150-month sentence, defense counsel reiterated his objection to the level of the upward departures on the ground that they were excessive and amounted to double counting. (Id. at 40). While the Court permitted counsel to state the objection, it prevented him from presenting additional arguments. (Id.). The Court stated as follows:

> . . . I know you are objecting to the level, but I don't need to hear any arguments or reasons. Just state your objections.
>
> I think [your] . . . position is already established because you asked for a five- or six-level upward departure. That is what you have been arguing the entire time we have been here.

(Sent. Tr. at 40-41).

In light of the above, the Court concludes that counsel adequately challenged the extent of the upward departures at resentencing. While the Court did not permit counsel to re-assert his arguments following pronouncement of the sentence, the sentencing transcript clearly reflects defense counsel's position with respect to the upward departures. Therefore, defense counsel's

7

performance was well within the range of reasonable professional judgment. Movant's second ground should be denied.

In his third ground, Movant asserts counsel (a) failed to investigate his offense and offer mitigating evidence at resentencing, and (b) was unfamiliar with the sentencing guidelines, as evidenced by his failure to argue at resentencing that his prior convictions were not similar to the offense to which he pled guilty in this case. (§ 2255 Mot. at 5-6).

Movant's first assertion is patently frivolous. Counsel was not required to investigate any possible or additional defenses, including "imperfect entrapment," in preparation for the resentencing hearing. (Memorandum in Support at 18). The government correctly notes that Movant's resentencing was limited to the application of U.S.S.G. § 2A3.2. See Findings, Conclusions and Recommendation at 5-8, filed on Apr. 9, 2002, and adopted by the District Court on May 24, 2002.[3] Therefore, defense counsel's conduct did not fall below the standard for reasonable professional assistance.

Movant's second assertion, that counsel was unfamiliar with the sentencing guidelines, is likewise frivolous. Movant merely relies on the fact that counsel stated at the opening of the resentencing hearing that "he had to study upward departures." (Memorandum in Support at 18, and Sentencing Tr. at 4 lines 18-20). He also relies on one instance in which counsel momentarily referred to U.S.S.G. § 2A3.2 instead of U.S.S.G. § 2A3.1 (see Resentencing Tr. at

---

[3] Insofar as Movant seeks to challenge counsel's conduct at his first sentencing, claiming that counsel should have investigated his offenses and offered mitigating evidence (Memorandum in Support at 17-18), his claim fares no better. Such claim should have been raised in the first § 2255 motion, and as a result is second or successive. See *supra* p. 3-6 for discussion of second or successive claims and the jurisdictional issues raised by a "mixed" habeas petition, application or motion.

18, lines 4 and 8), to argue that "[t]hroughout most of the sentencing he [counsel] was not sure of which guidelines the court or even he was referring to." (Memorandum in Support at 18). Counsel's detailed arguments during resentencing refute Movant's general contention that he was unfamiliar with the sentencing guidelines.

Next Movant asserts counsel failed to argue at resentencing that the prior convictions were not similar to the offense at issue in this case. (Memorandum in Support at 20-21). Counsel is not required to raise every frivolous objection. See Green v. Johnson, 160 F.3d 1029, 1037 (5th Cir. 1998) ("failure to make a frivolous abjection does not cause counsel's performance to fall below an objective level of reasonableness . . . .").

In his first § 2255 motion, Movant successfully sought relief on the ground that the Court should have used U.S.S.G. § 2A3.2, in the November 1, 1998 version of the Guidelines. Application Note 4 in § 2A3.2 provides that "[i]f the defendant's criminal history includes a prior sentence for conduct that is similar to the instant offense, an upward departure may be warranted." Relying on Application Note 4, the Court concluded at resentencing that a departure was warranted because Petitioner's prior convictions involved "the same type of offense, sexual abuse of children." (Resentencing Tr. at 33, Lines 4-6).

Movant now asserts that Application Note 4 is inapplicable to his case because his prior convictions -- sexual abuse of a child and indecency with a child -- did not involve "conduct that is similar to the instant offense" – namely using a facility of interstate commerce to entice a minor to engage in illegal sexual activity. According to movant, "[i]n order for there to be a similarity in the offenses . . . [ the prior offense] has to have the same elements and the [same] mode of operation[,] not just the fact that sex was involved." (Memorandum in support at 21).

9

He explains that the current offense did not involve any "sexual act" because "[t]he indictment does not list any specific sexual act or conduct that he was being charged with." (Memorandum in support at 19).

This claim lacks any legal or factual support and is, thus, frivolous. Counsel is not required to raise a legally meritless claim. Smith v. Puckett, 907 F.2d 581, 585 n. 6 (5th Cir. 1990) (counsel is not deficient for, and prejudice does not issue from, failure to raise a legally meritless claim). Moreover, as the Government correctly notes, Movant fails to cite any statute, guideline or case supporting his definition of similar conduct under Application Note 4 of § 2A3.2. (Gov't Response at 6-7). Nevertheless, it is clear that Movant's two prior convictions involved the same type of sexual abuse of children as in the instant case, where Movant thought he was going to meet a young boy who was willing to engage in sexual activity. (Resentencing Tr. at 33). At resentencing, the Court summarized the following facts in support of its conclusion that Movant's prior convictions and the instant offense involved similar conduct:

> . . . in the first one, as we discussed, paragraph 25, states [he] tied the boy naked to the tree, bit him, his feet barely touching the ground as he left the boy tied to the tree. The second conviction, he had handcuffs, a pair of handcuffs with him along with a gun [and a University City Fire Department badge when he exposed his genitals to two juvenile girls]. And then this third one, you noted, "Well, nothing was this time," but again I still believe he thought he was going to go meet a boy who was consensually, who was willing to be there, so you were beginning to have a relationship, and there is time to evolve. And there is nothing to suggest in fact the pattern of what he has been involved in in the past, the pattern of the handcuffs and the tying and the biting would suggest to me that this one here, if it had been a real boy, could well have turned into that same kind of a situation, because that is the pattern that he has shown.

(Resentencing Tr. at 34).[4]

---

[4]   Insofar a Movant seeks to challenge counsel's conduct during the first § 2255 motion, namely that counsel should have raised other claims so that Movant could have sought a

10

This Court must conclude that Movant's prior convictions were similar to the offense to which he pled guilty in this case, hence there was no error in applying Application note 4 of § 2A3.2. Defense counsel cannot be deficient for failing to make frivolous objections. See Green v. Johnson, 160 F.3d 1029, 1037 (5th Cir. 1998) ("failure to make a frivolous abjection does not cause counsel's performance to fall below an objective level of reasonableness . . . .").

      C.      Ineffective Assistance of Counsel on Direct Appeal

In his fourth ground, Movant alleges that defense counsel (who continued to represent him on direct appeal following the resentencing) rendered ineffective assistance of appellate counsel. He again claims counsel was unfamiliar with the federal sentencing guidelines and left out viable issues on direct appeal, such as the double counting issue and the other issues that Movant has raised in this § 2255 motion. (§ 2255 Mot. at 6, and Memorandum in Support at 23 and 25). Movant further asserts that he was denied the right to counsel on direct appeal when counsel refused to file a petition for rehearing and a petition for writ of certiorari following the affirmance of his direct appeal. (Memorandum in Support at 23-24).

Appellate counsel is not required to raise every nonfrivolous issue on appeal, "but rather may select from among them in order to maximize the likelihood of success on appeal." Smith v. Robbins, 528 U.S. 259, 288 (2000). Indeed, it is counsel's professional duty to choose among potential issues, according to his judgment as to their merit and his tactical approach. Jones v. Barnes, 463 U.S. 745, 752 (1983).

---

new plea agreement with the government based on the new guideline points, his claim is meritless. (Memorandum in Support at 17). Movant does not have a constitutional right to counsel in a § 2255 post-conviction proceedings. See United States v. Riggs, 314 F.3d 796, 799 (5th Cir. 2002) (citing Coleman v. Thompson, 501 U.S. 722, 752, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991)).

11

On direct appeal, defense counsel challenged the extent of the upward departure imposed by the District Court as excessive. The Fifth Circuit rejected that claim finding the District Court "did not commit a gross abuse of discretion in determining the extent of the departure." United States v. Jackson, Slip Op. No. 02-10923, at 2. Moreover, since there were no errors in the double counting issue and the similarity issue of the prior offenses, appellate counsel was not ineffective in failing to raise these issues on direct appeal. Smith v. Puckett, 907 F.2d 581, 585 n. 6 (5th Cir. 1990) (counsel is not deficient for, and prejudice does not issue from, failure to raise a legally meritless claim).

Likewise counsel's refusal to file a petition for rehearing and/or for writ of certiorari does not raise a cognizable constitutional violation. Declining to file either of those pleadings did not deprive Movant of effective counsel in violation of his constitutional rights. The right to effective assistance of counsel for a criminal defendant extends only to a first appeal of right. Evitts v. Lucey, 469 U.S. 387, 396, 105 S.Ct. 830, 83 L.Ed.2d 821 (1985); Clark v. Johnson, 227 F.3d 273, 283 (5th Cir. 2000). A defendant does not have a constitutional right to counsel in pursuing discretionary review of a conviction. See Wainwright v. Torna, 455 U.S. 586, 587, 102 S.Ct. 1300, 71 L.Ed.2d 475 (1982) (holding that defendant in state criminal case did not have a constitutional right to counsel in pursuing discretionary review in the state supreme court); Ross v. Moffitt, 417 U.S. 600, 94 S.Ct. 2437, 41 L.Ed.2d 341 (1974) (holding that there is no constitutional right to counsel in pursuing a writ of certiorari in the United States Supreme Court).

The granting of a rehearing en banc is a discretionary function of the court of appeals. See Fed. R. App. P. 35(a) ("A majority of the circuit judges ... *may* order that an appeal or other proceeding be heard or reheard by the court of appeals en banc.") (emphasis added). Similarly

12

the granting of a petition for writ of certiorari by the Supreme Court is a matter of judicial discretion.  See Sup.Ct. R. 10; Ross, 417 U.S. at 616-17.  The Supreme Court has also held that defendants have no right to counsel to pursue discretionary review.  See Pennsylvania v. Finley, 481 U.S. 551, 555 (1987) (case arising from state court conviction); Wainwright v. Torna, 455 U.S. 586, 587 (1982) (same).  Therefore, Movant did not have a constitutional right to counsel in seeking rehearing or a writ of certiorari.  Absent such a right, Movant cannot assert a constitutional violation based upon his counsel's allegedly defective performance.  Accord Washpun v. United States, 109 Fed. Appx. 733, *2-3 (6th Cir. Aug. 31, 2004) ("Because [movant] has no constitutional right to the assistance of counsel to pursue a petition for a writ of certiorari, he cannot claim that his counsel's failure to raise an Apprendi claim in that petition amounted to ineffective assistance."); McNeal v. United States, 1995 WL 290233, *1-2 (6th Cir. May 11, 1995) (holding that a claim that counsel failed to file a petition for rehearing was not a constitutional violation); Stuut v. United States, 2005 WL 1389181, *3 (W.D. Mich. 2005) (holding that claim challenging appellate counsel's ineffectiveness for failing to file a petition for rehearing en banc and allowing the 90-day time period for filing a *writ of certiorari* to expire did not raise a cognizable constitutional violation); United States v. Ferrell, 730 F.Supp. 1338, 1340 (E.D. Pa. 1989) (holding that Movant does no have constitutional right to appeal criminal conviction to the Supreme Court or to have counsel pursue application for review in the Supreme Court).  See also United States v. Lauga, 762 F.2d 1288, 1291 (5th Cir. 1985) (finding claims of ineffective assistance of counsel because his attorney did not seek a writ of certiorari from the Supreme Court devoid of merit); United States v. Lena, 670 F. Supp. 605, 613 (W.D. Pa. 1987), aff'd, 849 F.2d 603 (3d Cir. 1988) (same).

Movant correctly notes that he had a statutory right to continued representation of appointed counsel for purposes of filing a petition for rehearing and a petition for writ of certiorari. (Memorandum in Support at 24). That statutory right, however, does not rise to a constitutional right -- a condition precedent for seeking habeas relief under § 2255. Moreover, the Fifth Circuit properly granted, in accordance with the Ander's procedure, counsel's motion to withdraw following the affirmance of the sentence, see Order filed in No. 02-10923 on June 30, 2003, and Movant filed a petition for writ of certiorari, *pro se,* which was denied.

No relief is warranted based upon the alleged ineffective assistance of appellate counsel.

D.   Motion to Amend/Correct

In his motion for leave to amend, Movant seeks to rely on Booker and Blakely to challenge the upward departures in calculating his sentence. The Fifth Circuit Court of Appeals recently held that the Booker decision does not apply retroactively on collateral review to a first § 2255 motion. See United States v. Gentry, ___ F.3d ___, 2005 WL 3317891 (5th Cir. Dec. 8, 2005). Therefore, Movant's Booker claim is not cognizable in this § 2255 proceeding and his motion to amend/correct should be denied.

E.   Movant's Motion for Hearing

In light of the above rulings, the motion for hearing is now moot. It should therefore be denied.

## CONCLUSION

IT IS THEREFORE ORDERED that Movant's first ground for relief is second or successive under the AEDPA, and that as such it is hereby SEVERED and TRANSFERRED to

the Fifth Circuit Court of Appeals to satisfy the pre-filing authorization requirement. See 28 U.S.C. § 2244(b)(3)(A).

IT IS FURTHER ORDERED (1) that Movant's remaining grounds for relief are DENIED on the merits, (2) that Movant's motions to amend/correct the § 2255 motion (docket #73) and for hearing (docket #66) are DENIED, and (3) that the government's motion to substitute attorney filed on October 22, 2004 (docket #69) is GRANTED.

Signed this 15th day of December 2005.

_____
JORGE A. SOLIS
UNITED STATES DISTRICT JUDGE